# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

MEDIT CORP., and
MEDIT USA LLC,

      Plaintiffs,

v.

RENEW DIGITAL, LLC,

      Defendant.

Civil Action No.: 1:23-cv-02088-JPB

**JURY TRIAL DEMANDED**

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Renew Digital, LLC hereby answers Plaintiffs' Complaint for Trademark Infringement [Dkt. 1] and asserts affirmative defenses as set forth below:

## ANSWER

1.      This is an action by a medical device manufacturer against a retailer engaged in the unauthorized online resale of dental imaging devices. The retailer, Renew Digital, LLC ("Defendant" or "Renew"), has infringed and continues to infringe upon Medit's trademarks, and has engaged and continues to engage in unlawful, unfair, deceptive, and fraudulent business acts and practices, including deceptive advertising.

1

**RESPONSE:  Defendant denies the allegations in this Paragraph, and Defendant is without knowledge sufficient to answer the statement as to Plaintiffs' description of themselves.**

2.     Defendant is committing and has committed these unlawful and tortious acts on a large scale and has severely harmed Plaintiffs by depriving Plaintiffs of revenue and by harming their goodwill, brand, and business reputation throughout the United States, and specifically in the State of Georgia, where Defendant is located, and in the State of California, where Medit USA is located.

**RESPONSE:  Defendant denies the allegations in this Paragraph.**

3.     These acts are particularly egregious because Defendant refused to respond to multiple communications from Plaintiffs seeking to resolve this issue. Moreover, Defendant's acts acutely affect the public interest because they are likely (and upon information and belief are intended) to confuse consumers as to the nature, characteristics, and pricing of an imaging device used in dental procedures.

**RESPONSE:  Defendant denies all allegations of wrongdoing in this complaint, and further denies that any consumers have been or could be confused.  Defendant admits that one of the Plaintiffs has sent prior**

**communications, and states that Defendant found them meritless and as such did not respond.**

4.     Plaintiffs bring this action to enjoin Defendant's unlawful and tortious conduct, and to obtain damages in the form of at least disgorgement of profits, restitution, compensatory damages, exemplary and punitive damages, and/or recovery of reasonable attorneys' fees and costs.

**RESPONSE:  Plaintiffs' statement of the case does not require a response, but to the extent any part of the paragraph implies any factual assertion of wrongdoing by Defendant, same is denied.**

5.     Medit is a South Korean Corporation with its headquarters located at 8, Yangpyeong-ro 25-gil, Yeongdeungpo-gu, Seoul, Korea.

**RESPONSE:  Defendant is without knowledge sufficient to form a response.**

6.     Medit USA is a wholly owned subsidiary of Medit that markets and sells Medit products in the United States. Medit USA is organized under the laws of the State of Delaware and has its principal place of business at 236 E 3rd St, Long Beach, California, 90802.

**RESPONSE:  Defendant is without knowledge sufficient to form a response.**

7.      On information and belief, Defendant Renew Digital, LLC is a Georgia limited liability company with its headquarters at 3719 N. Peachtree Rd., Building 200, Ste. 250, Chamblee, Georgia, 30341.

**RESPONSE:  Defendant admits these factual statements.**

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C § 1338(a), because Plaintiffs' Counts I and III arise under the federal Lanham Act, 15 U.S.C. § 1051, *et seq*.

**RESPONSE:  Defendant admits that subject matter jurisdiction is proper in this Court.**

9.      This Court has supplemental jurisdiction over Counts II, IV, V, VI, and VII, under 28 U.S.C. § 1367(a) because those counts are substantially related to the federal Lanham Act counts.

**RESPONSE:  Defendant admits that supplemental jurisdiction is proper in this Court.**

10.    This Court has personal jurisdiction over Defendant because Defendant is a citizen of the State of Georgia and has a principal place of business in Georgia, and in this judicial district. This Court also has personal jurisdiction over Defendant because the causes of action pled herein arise from Defendant transacting business in Georgia, among other places, and Defendant causing tortious injury to Plaintiffs by acts or omissions in Georgia.

**RESPONSE:  Defendant admits that personal jurisdiction is proper in this Court.**

11.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is in this juridical district, and under 28 U.S.C. §§ 1391(b)(2)-(3), because a substantial part of the events or omissions giving rise to the claims for relief herein occurred in this judicial district, and because Defendant is subject to the Court's personal jurisdiction for the claims alleged herein.

**RESPONSE:  Defendant admits that venue is proper in this Court.**

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

12.    Since its founding in 2000, Medit has specialized in providing cutting-edge 3D measurement tools and CAD/CAM solutions for the dental industry. Its

product offerings range from large desktop scanners to handheld wireless intraoral scanners to provide 3D renderings of a patient's mouth.

**RESPONSE:  Defendant is without knowledge sufficient to form a response.**

13.    Medit has a long history of disrupting the dental equipment industry with its products. For example, Medit was the first company to offer a blue light dental lab scanner in its Identica Blue 3D Scanner. In 2014, the Identica Blue 3D Scanner was awarded the IDEA award by the Industrial Designers Society ofAmerica. In 2022, Medit was awarded five Intraoral Scanner Awards from the Institute of Digital Dentistry, including Biggest Overachiever – Medit i600, Most Innovative Company, Best Community Support, Best Scanner Software Apps, and People's Choice Award 1st Place – Medit i700.

**RESPONSE:  Defendant is without knowledge sufficient to form a response.**

14.    Through its long history of being an industry leader and of developing award-winning products, Medit has amassed substantial goodwill from the purchasing public.

**RESPONSE:  Defendant is without knowledge sufficient to form a response.**

15.     Recently, Medit developed and brought to market the Medit i700, the latest version of Medit's award winning intraoral scanner. The Medit i700 is a plug-and-play system that utilizes Medit's latest Medit Link software suite to facilitate intraoral scans of a patient's mouth at more than 70 frames per second – the fastest among all the products in its class.



**RESPONSE:  Defendant is without knowledge sufficient to form a response.**


16.     Over the course of the last two decades, Medit has diligently protected its development process and associated intellectual property, acquiring over 40 patents and obtaining numerous federal registrations for the valuable trademarks associated with its products.

**RESPONSE:  Defendant is without knowledge sufficient to form a response.**

17.     Medit is the owner of the right, title, and interest in and to, *inter alia,* the following trademarks registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Asserted Marks"): U.S. Trademark Reg. No. 5,450,284 for MEDIT in class 10, U.S. Trademark Reg. No. 5,538,240 for MEDIT in class 40, U.S. Trademark Reg. No. 6,044,453 for MEDIT in class 9, U.S. Trademark Reg. No. 5,958,180, for Medit Link in classes 10, 40, 42, and 44, and U.S. Trademark Reg. No. 6,998,441 for i700 in class 10 for use in at least the fields of optical scanners, 3D dental scanners, and medical instruments. True and correct copies of the certificates of registration for each of the Asserted Marks are attached hereto as collective Exhibit A.

**RESPONSE:  Defendant is without knowledge sufficient to form a response.**
 **Defendant states that Exhibit A speaks for itself.**

18.     Upon information and belief, without authorization from Medit, Defendant has sold and continues to sell intraoral scanner products bearing the Asserted Marks. Defendant advertises that it sells "unused" Medit products in their "original packaging" at a "certified pre-owned price." This gives the misimpression that the end user is buying a genuine Medit product, but in reality,

the product the end user is purchasing is materially different from genuine Medit

products, and Defendant's actions therefore infringe the Asserted Marks.

**RESPONSE:  Defendant admits that it properly purchased and properly re-**

**sold, in the original packaging, less than 250 of unused Medit products in**

**secondary markets, as is common in the industry.  Defendant states that it has**

**already sold nearly its entire inventory of said products.   Defendant denies all**

**allegations of wrongdoing.**

**The Unauthorized Medit Products**

19.    The products at issue (hereinafter the, "Unauthorized Medit

Products") are intraoral scanner products that bear one or more of the Asserted

Marks and that are advertised, promoted, marketed, offered for sale, and/or sold by

Defendant. Upon information and belief, the Unauthorized Medit Products include

at least products that Defendant purport to be Medit's i700 intraoral scanner, but

that are materially different from the Medit i700 intraoral scanner sold by Medit

and by Medit's authorized resellers.

**RESPONSE:  Defendant admits that it properly purchased and properly re-**

**sold, in the original packaging, less than 250 of unused Medit products in**

**secondary markets, as is common in the industry.  Defendant states that it has**

**already sold nearly its entire inventory of said products.   Defendant denies all allegations of wrongdoing.**

20.     As explained throughout this Complaint, Medit has spent years designing, developing, marketing, and selling its award-winning products. Through its advertising, promotional, and marketing efforts, Medit has amassed substantial goodwill in the Asserted Marks and, among the purchasing public, Medit's products bearing those trademarks are instantly recognizable and are seen as high-quality, innovative, and dependable.

**RESPONSE:  Defendant is without knowledge sufficient to form a response.**

21.     Defendant is not authorized to sell Medit products, and has no interest in maintaining the crucial goodwill and support that the Asserted Marks bring – other than to freeride on the Asserted Marks' value to turn a profit. Despite this, Defendant markets, advertises, and sells Unauthorized Medit Products to end users in the United States.

**RESPONSE:  Defendant admits that it properly purchased and properly re-sold, in the original packaging, less than 250 of unused Medit products in secondary markets, as is common in the industry.  Defendant states that it has**

**already sold nearly its entire inventory of said products.   Defendant denies all allegations of wrongdoing.**

22.    While the Medit i700 intraoral scanner is advertised as "brand new in the box", there are a number of material differences between genuine Medit products and the Unauthorized Medit Products sold by Defendant. Exemplary material differences are set forth below.

**RESPONSE:  Defendant admits that it has re-sold a limited number of the i700 scanner, which accurately identified as "brand new in the box." Defendant denies the other allegations of this paragraph.**

**Lack of Manufacturer Warranty**

23.    Medit offers a warranty ("Medit Warranty") to customers who purchase genuine Medit products directly from either Medit or from one of Medit's authorized resellers; the Medit Warranty applies only to these specific customers. As part of the Medit Warranty, authorized personnel, authorized components, authorized firmware, and authorized testing and other equipment is available in servicing genuine Medit products. Third parties such as the Defendant are unable to offer an equivalent warranty, since they lack the proprietary information and

equipment that Medit, the manufacturer of the i700 intraoral scanner, has access to and in fact uses to perform its warranty services.

**RESPONSE:  Defendant is without sufficient information to form a response, except that Defendant states it does offer its standard warranty (which no customer has ever sought to use) for the small number of Medit product(s) that it has resold.**

24.     The Medit Warranty applies only to customers who purchase Medit's products either directly from Medit or from an authorized Medit reseller. Accordingly, purchasers who do not purchase products directly from Medit or directly from an authorized Medit reseller are not entitled to the Medit Warranty for service, repair, or replacement of products.

**RESPONSE:  Defendant is without sufficient information to form a response.**

25.     Instead, customers who purchase an Unauthorized Medit Product from Defendant – including the purported i700 product – are limited to the warranty offered by Defendant. Defendant's offered warranty is identified on their website.





**RESPONSE:  Defendant admits that it offers a warranty to its customers.**

**Defendant denies any allegations of wrongdoing.**


26.     Defendant's warranty offers to provide a replacement scanner "while

we repair yours." Defendant is not an authorized Medit reseller and is therefore

neither authorized to, nor qualified to, repair Medit products. Defendant does not

have access to OEM replacement parts and any repairs will therefore materially

alter the physical composition of the Medit product.

**RESPONSE:   Defendant admits that it offers a warranty to its customers. Defendant denies the remaining statements in this Paragraph and denies all allegations of wrongdoing.**

27.   On information and belief, consumers consider this difference between the Medit Warranty and the Defendant's warranty to be important to a decision about whether to purchase the products, and are unaware that the Unauthorized Medit Products are not provided with manufacturer repairs or replacement. This harms the consumer.

**RESPONSE:  Defendant denies the statements in this Paragraph.**

28.   Defendant's sale of the Unauthorized Medit Products using the Asserted Marks, combined with its statements regarding its purported warranty, is causing consumer confusion and is likely to continue to cause consumer confusion as to the source of the Unauthorized Medit Products. Upon information and belief, these statements are intended to cause such confusion. The statements create an erroneous impression that the Unauthorized Medit Products are covered by a manufacturer's warranty. In reality, as set forth above, the warranty provided by Defendant (if any) is not the Medit Warranty, is materially different from the Medit Warranty, and is not comparable to the Medit Warranty.

14

**RESPONSE: Defendant denies the statements in this Paragraph.**

**Differences in Customer Support**

29.    As part of the bargained-for exchange for its products, Medit provides invaluable technical customer support in connection with the sale of genuine Medit products. Indeed, the Institute of Digital Dentistry stated that "[y]ear after year, Medit blows the entire industry away with their gold-standard customer support" and named Medit as providing the "Best Community Support" in 2022. Consumers purchasing Unauthorized Medit Products do not receive this customer support.

**RESPONSE:  Defendant is without sufficient information to form a response.**

30.    Medit also operates educational programs through its authorized resellers, providing in-person training and support to dentists who purchased Medit products either directly from Medit or through an authorized Medit reseller.

**RESPONSE:  Defendant is without sufficient information to form a response.**

31.    Consumers purchasing Unauthorized Medit Products from Defendant – including the purported Medit i700 – are limited to the customer support provided by Defendant. Defendant did not create the i700 intraoral scanner, and

does not have the information or expertise to provide the same level of customer support to customers.

**RESPONSE:  Defendant admits that it provides customer support to its customers.  Defendant denies all other allegations of this Paragraph.**

32.     On information and belief, consumers consider this difference to be important to a decision about whether to purchase the products, yet are unaware the Unauthorized Medit Products lack this important feature. This harms the consumer.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

33.     This difference constitutes a material difference between the Unauthorized Medit Products and genuine Medit products, it erodes Medit's reputation and goodwill represented by the Asserted Marks, and it is further causing consumer confusion and likely to continue to cause consumer confusion as to the source of the Unauthorized Medit Products.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

**Lack of an Intellectual Property Indemnity**

34.     With respect to genuine Medit products, Medit provides an intellectual property indemnity to the purchaser. In connection with this indemnity, under certain circumstances and subject to certain conditions in the indemnity contract, Medit will defend lawsuits or other proceedings brought against the purchaser in which it is alleged that the design or construction of the genuine Medit product infringes a patent, copyright, or trademark (and/or replace, modify, or return any such product accused of infringement).

**RESPONSE:  Defendant is without sufficient knowledge to form a response.**

35.     Buyers of Unauthorized Medit Products sold by Defendant are not entitled to receive Medit's intellectual property indemnity. On information and belief, consumers consider this difference to be important to a decision about 13 whether to purchase the products, yet are unaware that the Unauthorized Medit Products sold by Defendant lack this important feature. This harms the consumer.

**RESPONSE:   Defendant denies the allegations of this Paragraph.**

36.     This difference constitutes a material difference between the Unauthorized Medit Products and genuine Medit products, it erodes Medit's reputation and goodwill represented by the Asserted Marks, and it is further

17

causing consumer confusion and likely to continue to cause consumer confusion as to the source of the Unauthorized Medit Products.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

## Other Material Differences

37.     Discovery may reveal additional material differences. Any other material differences that exist are also likely to cause consumer confusion and erode the goodwill represented by the Asserted Marks.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

38.     The Medit Warranty, quality assurances, services, licenses and support discussed above for customers of genuine Medit products is not discretionary; Medit provides these services and quality assurances to all, or at least substantially all, customers of genuine Medit products. Consumers who purchase genuine Medit products from Medit or an authorized Medit reseller are therefore assured that the genuine Medit products are predictably and consistently accompanied by the Medit Warranty, quality assurances, services, licenses and support discussed above.

**RESPONSE:  Defendant is without sufficient knowledge about Plaintiffs'**

**services to form a response to these allegations; Defendant denies the**

**remaining allegations of this Paragraph.**

**Other Unfair, Deceptive, and Fraudulent Conduct**

39.     Defendant competes with Plaintiffs and their authorized dealer

network, and uses unfair, deceptive, and fraudulent means to do so.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

40.     Defendant's website displays a price comparison for the purported

i700 with the price $17,995 stricken through and the price $12,995 displayed

below it.



**RESPONSE:  Defendant admits that it has in the past posted the above text; Defendant denies any allegations of wrongdoing.**

41.     This is false and deceptive in multiple respects. First, this suggests to a reasonable consumer that Defendant's normal price for the i700 is $17,995. Upon information and belief, Defendant has never sold the i700 for $17,995. Instead, it appears that $17,995 is the highest price Defendant could find for the i700 on the internet. Defendant provides no disclosures to clarify the meaning of the price comparison.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

42.     Second, for the reasons stated above concerning the material differences between purported i700s sold by Defendant and i700s sold by authorized Medit resellers, the price comparison compares non-identical items. Defendant provides no disclosure of this fact.

**RESPONSE:  Defendant admits that it provides no link between Plaintiff and the price(s) shown; denies all allegations of this Paragraph to the extent they imply any wrongdoing.**

43.     Third, the price comparison states "overstock special." "Overstock" means "a supply or quantity in excess of demand or requirements," falsely suggesting that there is inadequate market demand for the i700. In reality, the i700 is not overstocked. Instead, Defendant is selling the product at a discounted price by circumventing (and freeriding off of) the authorized reseller network. Again, Defendant provides no disclosure of this fact.

**RESPONSE:  Defendant admits it has used the word "overstock"; defendant denies the remaining allegations of the Paragraph and denies any implication of wrongdoing.**

44.     Fourth, Defendant's website states that "[a]ccess to the Medit Link software is included with every i700 intraoral scanner purchase from Renew Digital," falsely suggesting that access to the Medit Link software is a benefit of purchasing from Defendant. In reality, the Medit Link software is offered by Medit free of charge and is readily available to anyone. Once again, Defendant does not disclose this fact.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

45.     The product description is also deceptive. It states, for example, that the i700 listed for sale is "unused in it's [sic] original packaging from Renew

Digital." A reasonable consumer would understand this to mean that the product is

16 identical to i700s sold by Plaintiffs, yet for the reasons stated above, the

products are materially different.

**RESPONSE:  Defendant denies the allegations of this Pargraph.**


46.     Likewise, the product description calls the i700 "an ideal entry point

into intraoral scanning," which a reasonable consumer would understand to mean

that the i700 is an entry-level product. In fact, the i700 is a highly advanced and

specialized medical device.

**RESPONSE:  Defendant denies the allegations of this Paragraph to the extent**

**they imply any wrongdoing by Defendant.**


47.     Defendant's website currently makes each of the forgoing false,

unfair, deceptive and fraudulent statements as of the date of this Complaint, and

has made the same or substantially similar statements since at least March 23,

2023. On information and belief, Defendants have made such statements for a

significantly longer period, to be proven at trial.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

## COUNT I
## TRADEMARK INFRINGEMENT AND FEDERAL UNFAIR
## COMPETITION (MEDIT)

48.     Medit incorporates each preceding paragraph as if fully stated herein.

**RESPONSE:  No response required to this statement of incorporation.**

49.     Medit is the owner of the Asserted Marks.

**RESPONSE:  Defendant is without sufficient knowledge to form a response.**

50.     The Asserted Marks are on the Principal Register of the United States

Patent and Trademark Office.

**RESPONSE:  Defendant is without sufficient knowledge to form a response.**

51.     Defendant is not an authorized Medit reseller. Yet Defendant

advertises, promotes, markets, offers for sale, and sells, Unauthorized Medit

Products to customers in the United States, without authorization from Medit.

**RESPONSE:  Defendant admits that it has marketed and bought and sold a**

**limited number of Medit product(s) on the secondary market, and denies that**

**it is required to be an "authorized resller" to do so.  Defendant denies all the**

**remaining allegations of this paragraph to the extent they imply any**

**wrongdoing by Defendant.**

52.     The Unauthorized Medit Products bear the Asserted Marks.

**RESPONSE:   Defendant is without sufficient information to respond to the allegations of this Paragraph.**

53.     Through extensive and continuous use, the Asserted Marks and the goodwill associated with them in the United States and throughout the world are of significant value, are highly distinctive and arbitrary and fanciful, and have become universally associated in the public mind with Medit, its products and services, and the very highest quality and reputation.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

54.     The Unauthorized Medit Products are materially different from genuine Medit products at least because they are not offered with the Medit Warranty, Medit customer support, Medit repair services, or Medit in-person training. Consumers find these differences material when making decisions as to the source from where they will purchase a Medit product.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

55.     On information and belief, Defendant does not communicate to consumers that Defendant is not an authorized Medit reseller and that Defendant does not offer the Medit Warranty or Medit support.

**RESPONSE:  Defendant denies the allegations of this paragraph to the extent they imply any wrongdoing by Defendant.**

56.     Defendant's advertising, promotion, marketing, offering for sale, and sale, of the Unauthorized Medit Products is causing consumer confusion and mistake, and is deceiving the purchasing public, and is likely to continue to do so.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

57.     Defendant's actions described above and specifically, without limitation, its unauthorized use of the Asserted Marks in commerce to advertise, promote, market, and sell the Unauthorized Medit Products throughout the United States, including in Georgia, constitute federal unfair competition and trademark infringement in violation of at least 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

58.     Defendant's unauthorized use in commerce of the Asserted Marks with respect to the Unauthorized Medit Products constitutes a false designation of origin and a false association that wrongfully and falsely designates the Unauthorized Medit Products as originating from Medit or being associated, affiliated, connected, approved, or sponsored by Medit.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

59.     Defendant's conduct is intended to exploit the goodwill and reputation associated with the Asserted Marks.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

60.     Defendant's actions, if not enjoined, will continue. Medit has suffered and continues to suffer damages in an amount to be proven at trial, consisting of, among other things, diminution in the value of, and goodwill associated with, the Asserted Marks as well as injury to Medit's business. Medit is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

26

61.     Pursuant to 15 U.S.C. § 1117, Medit is entitled to recover damages in an amount to be determined at trial, profits made by Defendant in connection with the Unauthorized Medit Products, and the costs associated with this action.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

62.     Upon information and belief, Defendant's actions are deliberate, intentional, and willful. Defendant's bad faith is evidenced, in part, by the egregious and prominent use of the Asserted Marks in connection with the sale of the Unauthorized Medit Products, the extensive nature of the infringement, and Defendant's refusal to respond to multiple communications from Medit seeking to resolve these issues. Because of the willful nature of Defendant's wrongful acts, Medit is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

63.     Because this is an exceptional case, Medit is also entitled to recover its costs of suit and attorneys' fees pursuant to 15 U.S.C. § 1117.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT (MEDIT)

64.    Medit incorporates each preceding paragraph as if fully stated herein.

**RESPONSE:  No response required to this incorporation Paragraph.**


65.    Through its prior and continuous use of its Asserted Marks in commerce, Medit's Asserted Marks have become widely known, and Medit has been identified in the public mind as the manufacturer of the intraoral scanner products to which it applies the Asserted Marks.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**


66.    Through its prior and continuous use of its Asserted Marks in commerce, Medit enjoys common law rights in the Asserted Marks.

**RESPONSE:  Defendant is without sufficient knowledge to form a response.**


67.    Defendant is not an authorized Medit reseller, yet Defendant advertises, promotes, markets, offers for sale, and sells, Unauthorized Medit Products to customers in the United States, and specifically to customers in Georgia.

**RESPONSE:   Defendant denies the allegations of this Paragraph and specifically denies that it is required to be an authorized Medit reseller in order to have resold Medit product(s).**

68.     The Unauthorized Medit Products bear the Asserted Marks. Defendant's use of the Asserted Marks is without any permission, license, or other authorization from Medit.

**RESPONSE:  Defendant is without sufficient information regarding whether the defined products bear the Asserted Marks; Defendant denies the remaining allegations of this Paragraph.**

69.     The Unauthorized Medit Products are materially different than genuine Medit products at least because they are not offered with the Medit Warranty, Medit customer support, Medit repair services, or Medit in-person training. Consumers find these differences material when making decisions as to the source from where they will purchase a Medit product.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

70.    On information and belief, Defendant does not communicate to consumers that Defendant is not an authorized Medit reseller and that Defendant does not offer the Medit Warranty or Medit support.

**RESPONSE:   Defendant denies the allegations of this Paragraph.**

71.    Defendant's unauthorized use in commerce in Georgia of the Asserted Marks with respect to the Unauthorized Medit Products constitutes a false designation of origin and a false association that wrongfully and falsely designates the Unauthorized Medit Products as originating from Medit or being associated, affiliated, connected, approved, or sponsored by Medit.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

72.    Defendant's conduct is intended to exploit the goodwill and reputation associated with the Asserted Marks.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

73.    On information and belief, Defendant acted with knowledge of the Asserted Marks, without regard to the likelihood of confusion of the public created by Defendant's activities.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**

74.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Asserted Marks, to the great and irreparable injury of Medit.

**RESPONSE:  Defendant denies the allegations of this Paragraph.**


75.     Defendant's acts constitute common law trademark infringement under the laws of the State of Georgia, have created actual confusion, a likelihood of confusion, and will continue to create a likelihood of confusion, all to the irreparable injury of Medit unless restrained by this Court. Medit has no adequate remedy at law for this injury.

**RESPONSE:  Defendant denies the allegations of this paragraph.**


76.     As a result of Defendant's past and ongoing acts of infringement, Medit has been damaged in an amount not as yet determined or ascertained. In light of Defendant's intentional and confusing use of the Asserted Marks, however, Medit is entitled to all remedies available to it under law, including, but not limited to, compensatory damages, disgorgement of profits, treble damages, punitive damages, and costs and attorneys' fees.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

## COUNT III
## FALSE ADVERTISING IN
## VIOLATION OF LANHAM ACT SECTION 43(a)

77.     Plaintiffs incorporate each preceding paragraph as if fully stated herein.

**RESPONSE:  No response is necessary to this incorporation paragraph.**

78.     Defendant made false and misleading statements of fact in a commercial advertisement, namely its webpage advertising the Medit i700, about the i700. As discussed above, these statements include:

a. Defendant's price comparison;

b. Defendant's statements regarding a purported warranty for the i700;

c. Defendant's statements and omissions regarding customer service and intellectual property indemnity;

d. Defendant's statements regarding purported training on the i700;

e. Defendant's statements regarding access to the Medit Link software;

f. Defendant's statement that the i700 is "unused in it's [sic] original packaging from Renew Digital";

g. Defendant's statement that the i700 "is an ideal entry point into intraoral scanning";

32

h. Defendant's statement that the i700 is an "overstock special".

**RESPONSE:  Defendant denies the allegations of this paragraph.**


79.     These statements had the capacity to deceive a substantial segment of potential customers, and did indeed deceive customers, as indicated by statements to Plaintiffs from distributors, and by Plaintiffs' lost sales.

**RESPONSE: Defendant denies the allegations of this paragraph.**


80.     Defendant's deceptive statements are material because they are likely to influence a customer's purchasing decision. Indeed, they relate to key characteristics of the i700. Furthermore, statements to Plaintiffs by distributors and Plaintiffs' lost sales underscore the materiality of these misrepresentations.

**RESPONSE:  Defendant denies the allegations of this paragraph.**


81.     Each of Defendant's deceptive statements were made in interstate commerce. They were made on a website to a global audience by Defendant, which is located in Georgia, regarding products sold by Plaintiffs, which are based in California and Korea.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

82.     As a direct and proximate result of Defendant's acts alleged in this complaint, Plaintiffs have suffered and are suffering harm in the form of lost revenue, loss of goodwill and harm to brand and commercial reputation. Remedies at law are not adequate to fully redress these harms.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

83.     Defendant's acts constitute false advertising and false representations in violation of 15 U.S.C. § 1125(a)(1)(B).

**RESPONSE:  Defendant denies the allegations of this paragraph.**

## COUNT IV
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200 ET SEQ. AS TO MEDIT USA

84.     Medit USA incorporates each preceding paragraph as if fully stated herein.

**RESPONSE:  No response is necessary to this incorporation paragraph.**

85.     California's Unfair Competition Law ("UCL") prohibits "unfair competition," which is defined broadly to include "any unlawful, unfair or fraudulent business act or practice."

**RESPONSE:  This assertion of the law does not require a response, though Defendant denies that California law applies in this case.**

86.     Defendant violated the UCL by making advertising statements on its website related to the Medit i700 which are fraudulent and likely to deceive a reasonable person. As discussed above, these statements include:

a. Defendant's price comparison;

b. Defendant's statements regarding a purported warranty for the i700;

c. Defendant's statements and omissions regarding customer service and intellectual property indemnity;

d. Defendant's statements regarding purported training on the i700;

e. Defendant's statements regarding included access to the Medit Link software;

f. Defendant's statement that the i700 is "unused in it's [sic] original packaging from Renew Digital";

g. Defendant's statement that the i700 "is an ideal entry point into intraoral scanning";

h. Defendant's statement that the i700 is an "overstock special".

**RESPONSE:  Defendant denies the allegations of this paragraph.**

87.     Defendant's other violations of law, as alleged in this Complaint, constitute unlawful business practice under the UCL. These include Defendant's violation of trademark laws and Defendant's violations of California's False Advertising Law.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

88.     On information and belief, Defendant's fraudulent and unlawful acts were directed at Medit USA in the State of California. On information and belief, these fraudulent and unlawful acts were calculated to give Defendant an unfair advantage in the competitive marketplace against Medit USA and to unfairly disadvantage Medit USA.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

89.     Defendant's website shows that it ships the i700 to California consumers.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

90.     Defendant's fraudulent and unlawful acts directly and proximately harmed, and continue to harm, Medit USA in the State of California, including through lost revenue, loss of goodwill and harm to brand and commercial reputation. Remedies at law are not adequate to fully redress these harms.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

## COUNT V
## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW, CAL. BUS. & PROF. CODE § 17500 ET SEQ. AS TO MEDIT USA

91.     Medit USA incorporates each preceding paragraph as if fully stated herein.

**RESPONSE:  No response is necessary to this incorporation paragraph.**

92.     California's False Advertising Law ("FAL") prohibits false or deceptive advertising.

**RESPONSE:  This assertion of the law does not require a response, though Defendant denies that California law applies in this case.**

93.     Defendant violated the FAL by making misleading statements of fact in a commercial advertisement, namely its webpage advertising the Medit i700, about the i700. As discussed above, these statements include:

a. Defendant's price comparison;

b. Defendant's statements regarding a purported warranty for the i700;

c. Defendant's statements and omissions regarding customer service and intellectual property indemnity;

d. Defendant's statements regarding purported training on the i700;

e. Defendant's statements regarding included access to the Medit Link software;

f. Defendant's statement that the i700 is "unused in it's [sic] original packaging from Renew Digital";

g. Defendant's statement that the i700 "is an ideal entry point into intraoral scanning";

h. Defendant's statement that the i700 is an "overstock special".

**RESPONSE:  Defendant denies the allegations of this paragraph.**


94.     In each instance, Defendant knew or should have known that the statement was false or misleading. Upon information and belief, Defendant or its representatives authored the statements for the purpose of encouraging the

purchase of the i700, and had all of the information necessary to establish the false or misleading character of the statements readily available to them. On information and belief, Defendants knew these statements to be false or misleading. At a minimum, Defendant failed to exercise reasonable care regarding the statements on its own website.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

95.     On information and belief, Defendant's false and misleading statements were intended to competitively disadvantage Medit USA in the State of California and give Defendant an unfair advantage in the competitive marketplace.

**RESPONSE: Defendant denies the allegations of this paragraph.**

96.     Defendant's website shows that it ships the i700 to California consumers.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

97.     Defendant's deceptive advertising directly and proximately harmed, and continue to harm, Medit USA in the State of California, including through lost revenue, loss of goodwill and harm to brand and commercial reputation. Remedies at law are not adequate to fully redress these harms.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

## COUNT VI
## VIOLATION OF GEORGIA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT, O.C.G.A. § 10-1-370 ET SEQ.

98.     Plaintiffs incorporate each preceding paragraph as if fully stated herein.

**RESPONSE:  No response is required to this incorporation paragraph.**

99.     Defendant's misleading statements on its website about the i700 were unfair and deceptive. As discussed above, these statements include:

a. Defendant's price comparison;

b. Defendant's statements regarding a purported warranty for the i700;

c. Defendant's statements and omissions regarding customer service and intellectual property indemnity;

d. Defendant's statements regarding purported training on the i700;

e. Defendant's statements regarding included access to the Medit Link software;

f. Defendant's statement that the i700 is "unused in it's [sic] original packaging from Renew Digital";

g. Defendant's statement that the i700 "is an ideal entry point into intraoral scanning";

h. Defendant's statement that the i700 is an "overstock special".

**RESPONSE:  Defendant denies the allegations of this paragraph.**

100.    These statements had the capacity to deceive a substantial segment of potential customers, and did indeed deceive customers, as indicated by statements to Plaintiffs from distributors, and by Plaintiffs' lost sales.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

101.    Defendant's deceptive statements are material because they are likely to influence a customer's purchasing decision. Indeed, the relate to key characteristics of the i700. Furthermore, statements to Plaintiffs by distributors and Plaintiffs' lost sales underscore the materiality of these misrepresentations.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

102.    Defendant's deceptive business practices directly and proximately harmed Plaintiffs in the State of Georgia and by acts in Georgia, including through lost revenue, loss of goodwill and harm to brand and commercial reputation. Remedies at law are not adequate to fully redress these harms.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

## COUNT VII
## COMMON LAW UNFAIR COMPETITION

103. Plaintiffs incorporate each preceding paragraph as if fully stated herein.

**RESPONSE: No response is required to this incorporation paragraph.**

104. Defendant's misleading statements on its website about the i700 were unfair and deceptive. As discussed above, these statements include:

a. Defendant's price comparison;

b. Defendant's statements regarding a purported warranty for the i700;

c. Defendant's statements and omissions regarding customer service and intellectual property indemnity;

d. Defendant's statements regarding purported training on the i700;

e. Defendant's statements regarding included access to the Medit Link software;

f. Defendant's statement that the i700 is "unused in it's [sic] original packaging from Renew Digital";

g. Defendant's statement that the i700 "is an ideal entry point into intraoral scanning";

h. Defendant's statement that the i700 is an "overstock special".

42

**RESPONSE:  Defendant denies the allegations of this paragraph.**


105.   These statements had the capacity to deceive a substantial segment of potential customers, and did indeed deceive customers, as indicated by statements to Plaintiffs from distributors, and by Plaintiffs' lost sales.

**RESPONSE:  Defendant denies the allegations of this paragraph.**


106.   Defendant's deceptive statements are material because they are likely to influence a customer's purchasing decision. Indeed, they relate to key characteristics of the i700. Furthermore, statements to Plaintiffs by distributors and Plaintiffs' lost sales underscore the materiality of these misrepresentations.

**RESPONSE:  Defendant denies the allegations of this paragraph.**


107.   Defendant's deceptive business practices directly and proximately harmed Plaintiffs, including through lost revenue, loss of goodwill and harm to brand and commercial reputation.

**RESPONSE:  Defendant denies the allegations of this paragraph.**

## RESPONSE TO PRAYER FOR RELIEF

Renew Digital denies that Plaintiff is entitled to any of the relief it seeks.

## RESPONSE TO JURY DEMAND

To the extent any issues remain for trial, Renew Digital likewise demands a jury trial on all issues suitable for trial to a jury.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' allegations do not state a claim for relief under the law.

2. Plaintiffs' claims for fraud or fraud-related claims are not described with sufficient particularity.

3. Plaintiffs failed to mitigate their damages, to the extent they have/had any.

4. Plaintiffs' claims as pled are subject to the statute of limitations and the doctrine of laches.

5. Plaintiffs' claims are subject to the doctrine of fair use.

6. Plaintiffs' claims are subject to waiver and estoppel.

WHEREAS, Defendant respectfully requests that Plaintiffs' claims be dismissed with prejudice, with all allowable costs charges against Plaintiffs.

Respectfully submitted this 31st day of May, 2023.

/s/ Douglas Kertscher
Douglas R. Kertscher
Georgia Bar No. 416265

Hill, Kertscher & Wharton, LLP
3625 Cumberland Blvd., SE
Suite 1050
Atlanta, GA 30339
770-953-0995 (ph.)
770-953-1358 (fax)
drk@hkw-law.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MEDIT CORP., and
MEDIT USA LLC,

     Plaintiffs,

v.

RENEW DIGITAL, LLC,

     Defendant.

Civil Action No.: 1:23-cv-02088-JPB

**JURY TRIAL DEMANDED**

**CERTIFICATE OF SERVICE**

I hereby certify on this 31st day of May, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

By: ***/s/ Douglas R. Kertscher***
Douglas R. Kertscher
Georgia Bar No. 416265

*Attorney for Defendant*

46